## STEELE'S PETITION.

Where two of the county commissioners, three days prior to the day of the hearing of a petition for a highway, and two days previous to the death of the third commissioner, appointed a substitute for said commissioner, who took the oath of office, and entered upon the discharge of his duties on the day of hearing, and these facts were known to the parties in interest, and no objection was made at the time of the hearing;—*Held*, that objections to the appointment of the substitute and the power and action of the commissioners came too late, upon the presentation of their report in court.

THE petition of James H. Steele and others for a new highway in Hudson. The petition having been referred to the county commissioners, a report was made thereon to the court at this term, laying out the highway prayed for, which report was signed by two of the county commissioners and one Hobbs, as a substitute for and acting in place of the third county commissioner, Weston. The petitioners having moved for the acceptance of the report, the town objected that Hobbs was not legally appointed to act as a substitute for said third commissioner, and had no authority so to act. It appeared that notice was given of a hearing to be had upon said petition, before the county commissioners, on the 10th day of December, 1861, at an hour and place therein named; that on the 7th day of said December (and after said notice had been issued) the two county commissioners made appointment, in writing, under their hands, of Hobbs as a substitute for and to act as commissioner upon said petition in place of said third county commissioner, upon the ground that said third commissioner was then sick and unable to attend said hearing. At the time and place appointed for the hearing the two commissioners and Hobbs attended, and a hearing was had before them upon the petition, at which the selectmen of the town and their attorney appeared and were heard. The third commissioner died on the 9th day of said December. It appeared that his death was known to the commissioners on the morning of the 10th of December, and communicated to the counsel of both parties at the commencement of the hearing; that upon inquiry by the counsel for the town, Benjamin F. Emerson, Esq., at the opening of the hearing, the commissioners informed him when and how Mr. Hobbs was appointed, and showed him the commission, which he examined; that said Hobbs was sworn in presence of the parties and their counsel, and acted as such commissioner, and that no objection was made to his appointment, or to his acting as commissioner, by any one. It also appeared that at the time of the

appointment, Weston was hopelessly sick and in a sinking condition, not having acted with the commissioners since the previous May.

The town having filed their exceptions to an acceptance of said report that Hobbs was not authorized to act as commissioner, moved that the report be rejected for that cause, but the court over-ruled the motion, accepted the report, and ordered judgment thereon, and the town of Hudson excepted to the ruling, order and judgment, and filed their bill of exceptions.

*George Y. Sawyer*, for the town of Hudson, referred the court to Rev. Stat., ch. 51, sec. 2; Laws of 1846, ch. 353; Laws of 1850, ch. 996; also the Act of July 14, 1855, secs. 38 and 90. He contended that the office of road commissioner was judicial, and that the objection to the appointment in such case by the other two commissioners can not be waived by the parties. No consent can give jurisdiction, &c.

*Sawyer & Stevens*, for the petitioners, referred to and commented on Rev. Stat., ch. 51, and to *Goodwin* v. *Milton*, 25 N. H. 463; *Petition of Gilford*, 25 N. H. 124; *Danvers* v. *Commissioners*, 2 Met. 185; *Ipswich* v. *Commissioners*, 10 Pick. 519; 11 Pick. 264; *Towns* v. *Stoddard*, 30 N. H. 24; *Britton's Petition*, 19 N. H. 445.

Nesmith, J. This case comes before the court upon a bill of exceptions allowed by the judge who heard the merits thereof, and accepted the report of the board of road commissioners, laying out the road in question, May term, 1862, in this county. The chief exception of the town of Hudson is founded upon an alleged irregularity in the acts of the two road commissioners appointing Moody Hobbs as a substitute for Ephraim Weston, on the 7th day of December, 1861, three days prior to the day assigned for the hearing, and two days previous to the death of said Weston, and before any actual vacancy had occurred in the board. It appears, also, that notice of the selection or appointment of said Hobbs, and of the time and manner in which it was made, was brought to the knowledge of B. F. Emerson, Esq., who appeared as legal counsel for the town on the day of hearing, and made no objection on any account, but permitted said Hobbs to be sworn into office, and then proceeded to the consideration of the facts and merits of the petition, and the reasons against it; and, after a report is presented in favor of the petitioners, for the first time the town of Hudson interposes her objections to the report, and the sufficiency or power of the tribunal which tried their case, on account of the defective appointment of Hobbs as a member of the board of commissioners.

It is a well settled principle of law, that if a party who has grounds to move to set aside "any process or proceeding of any kind," neglect to make his application in a reasonable time after the facts have come to his knowledge, he is deemed to waive the exception by the delay, and will be forever precluded to make the objection afterward. This rule is applicable to courts of general jurisdiction as well as to inferior courts of special or limited juris-

diction, such as boards of road commissioners. *State* v. *Richmond*, 26 N. H. 242, where this doctrine is examined at length. *Hanson* v. *Hart*, 14 N. H. 56; *Smith* v. *Whittier*, 9 N. H. 466; *Gilford's Petition*, 25 N. H. 124; *Towns* v. *Stoddard*, 30 N. H. 23. If a party intend subsequently to avail himself of the want of official qualification in a fence-viewer to make a division of fences, he must take the exception at the time of the hearing, otherwise it will be waived. *Glidden* v. *Towle*, 31 N. H. 147. The general doctrine of waiver is well discussed, showing it to be applicable to the facts of this case, in Broom Leg. Max. 121. Upon these grounds the exception can not prevail. In answer to other views presented by the petitionees, it may be suggested that proceedings had duly commenced before the full board of commissioners, by giving the requisite notices to the parties, and all concerned, of the time and place of hearing under the commission conferring power upon them. *Buffum's Petition*, 19 N. H. 445. Section 2, of chapter 51, of the Revised Statutes, provides that in case any one of the commissioners shall be unable to attend, agreeably to notice, at the time and place of hearing, the two commissioners who do attend may appoint some suitable person to act in his stead. We are of the opinion that the legislature did not intend to repeal this part of the act aforesaid, by their subsequent act of June, 1855, "establishing the judiciary, and for other purposes," so far as to interfere with those cases where proceedings had already been commenced by a majority of the board for the appointment of a substitute for an associate, who may have been, by sickness or other good cause, unable to discharge his duties at the time assigned for the hearing. The action of the majority, under the circumstances of the case, in providing, in advance of the time of the hearing, by the appointment of Hobbs as a substitute for Weston, do not seem to us to be premature. Weston's sickness was of that character as to negative the presumption that he could attend the hearing. No previous hearing seems to be necessary, before the commissioners might act, provided they could act at all. The appointment of a suitable person depended upon the action of the majority of the board. After the selection of the substitute it is sufficient that either party might make objections, for any proper cause, to him who was appointed. But it was in the power of either or both parties to waive all objections, if any existed, and to proceed to the trial of the case. Such was the action here. The parties had full knowledge of all the facts, and full opportunity to examine all previous proceedings.

In *Kennett's Petition*, 24 N. H. 139, the court say, that "objections to the jurisdiction, or to the regularity of the proceedings in petitions for highways, must be taken early, or they will be regarded as waived." The case comes clearly within the rule, where consent will confer jurisdiction; therefore the proceedings are not void, but valid.

*The exceptions are overruled.*